UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie James ROBINSON, Defendant-
Appellant.

No. 73–1480.

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1973.

David Cerf, court-appointed, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Theodore R. Gibson, II, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Robinson was convicted by a jury of assaulting a federal officer in violation of 18 U.S.C. § 111. He attacks his conviction on two grounds: (1) the denial of his right to a speedy trial, and (2) the identification procedures were impermissibly suggestive.

Upon examination of the record we find that neither of appellant's grounds have merit. His conviction, therefore, is affirmed.

Appeal of PROFESSIONAL PERSON-
NEL OF VAN DYKE.

Ronald BRADLEY et al.

v.

William G. MILLIKEN et al.

No. 72–2008.

United States Court of Appeals,
Sixth Circuit.

July 2, 1973.

Ross, Bruff & Henriksen, Mount Clemens, Mich., for appellants.

Louis R. Lucas, Ratner, Sugarmon & Lucas, Memphis, Tenn., for plaintiffs.

Frank J. Kelley, Atty. Gen. of Michigan, Lansing, Mich., for defendants.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

ORDER

This is an appeal by Professional Personnel of Van Dyke, which is the exclusive bargaining agent for the teaching personnel of the Van Dyke School District. Appellants undertook to intervene in the District Court in the case of Bradley v. Milliken. On March 15, 1972, the District Court denied the motion of appellants to intervene. On April 11, 1972, appellants filed a petition for rehearing of their motion to intervene. On June 29, 1972, the District Court affirmed its previous denial of the motion.

Upon consideration, it is ordered that the decision of the District Court denying to appellants the right to intervene is vacated and the case is remanded to the District Court with directions to grant the motion to intervene.

Entered by order of the court.